47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Francisco HERNANDEZ-MEJIA; Marlon Jose Mejia-Valle;
Lizeth Del Carmne Mejia-Valle, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70738.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1995.*
Decided Feb. 17, 1995.
 
 Petition for Review of a Decision of the Board of Immigration Appeals, INS Nos. Ajk-eii-ejj, Adb-afe-mgu and Ayh-znv-tws.
 BIA
 PETITION DENIED.
 Before: WALLACE, Chief Judge, HUG and FARRIS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Hernandez-Mejia petitions for review, challenging the decision of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his request for asylum pursuant to 8 U.S.C. Sec. 1158(a) and withholding of deportation under 8 U.S.C. Sec. 1253(h). His two dependent children base their eligibility for asylum on their father's claim. We have jurisdiction provided by 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 
 2
 The Attorney General has discretion to grant asylum if the alien is a "refugee." See 8 U.S.C. Sec. 1158(a). Aliens qualify as refugees if they are unable or unwilling to return to their country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. Sec. 1101(a)(42)(A). A "well-founded fear" claim has both objective and subjective components. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993) (Acewicz ). "The subjective component may be satisfied by an applicant's credible testimony that he genuinely fears persecution." Id. "The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." Id. (internal quotations and citations omitted). Our review is limited to the decision of the Board. Id. at 1059. Factual determinations by the Board are reviewed under the "substantial evidence" standard. We will not upset the Board's ruling unless the evidence "was such that a reasonable fact-finder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992). The evidence presented must compel a finding adverse to that of the Board. Id. at 815 n. 1.
 
 
 3
 Evidence in the record supports the Board's view that Hernandez-Mejia was arrested for violating laws of general applicability. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Hernandez-Mejia concedes that he did violate Nicaraguan currency law which formed the basis of his arrest in 1980. Evidence also supports the finding that the government arrested him in 1985 because he conspired to possess illegal weapons. Others were also arrested and found guilty of the weapons charges. The Board stated: "The respondent has failed to show that the arrest and detention were on account of his political opinion." This finding is supported by substantial evidence, and we cannot say that we are compelled to reach a different conclusion. Thus, Hernandez-Mejia failed to show by specific, direct, and credible evidence that he was subjected to past persecution or had a well-founded fear of future persecution.
 
 
 4
 Hernandez-Mejia further argues that the Board improperly took administrative notice of changed circumstances in Nicaragua when determining his application for asylum. However, because the Board's findings regarding the reasons for Hernandez-Mejia's past arrests were explicitly stated by the Board to be an independent and separate ground for denying his application for asylum, we do not reach the question of whether the Board also properly took judicial notice of the changes in Nicaragua. Cf. Kahssai v. INS, 16 F.3d 323, 325 (9th Cir.1994) (where administrative notice is improper, Board must explicitly state that the alternative basis for denying asylum is independent of ruling relying on grounds of administrative notice).
 
 
 5
 Because the burden of proof is higher for demonstrating a right to withholding of deportation than for demonstrating a right to asylum, Hernandez-Mejia's withholding claim necessarily fails. Acewicz, 984 F.2d at 1062.
 
 
 6
 PETITION DENIED.
 
 
 7
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4